EXHIBIT "A"

Blaney & Karavan, P.C.
William G. Blaney, Esq.
Attorney ID: 026431997
2123 Dune Drive, Suite 11
Avalon, New Jersey 08202
Phone: (609) 435-5368
Fax: (609) 435-5473
Attorneys for Plaintiff, Mary Jeralds

RECEIVED and FILED
SEP 26 2016
ATLANTIC COUNTY
LAW DIVISION

| | |
|---|---|
| MARY JERALDS,<br><br>Plaintiff<br><br>v.<br><br>TRUMP TAJ MAHAL ASSOCIATES, L.L.C. d/b/a TRUMP TAJ MAHAL CASINO RESORT; TEI MANAGEMENT SERVICES, L.L.C.; BOB CURTIN; KENNY PARNELL; LOUIS BERKOWSKI; JOHN DOE 1 – 10 AND XYZ BUSINESS ENTITY 1 – 10 (fictitious names),<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY<br>ATLANTIC COUNTY<br>LAW DIVISION<br><br>Docket No.: L-2137-16<br><br>*Civil Action*<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, MARY JERALDS ("Plaintiff"), residing at 531B 10th Street, in the Township of Newtonville, County of Atlantic, and State of New Jersey, by way of Complaint against Defendants, says:

## NATURE OF THE ACTION AND VENUE

1. This is an action pursuant to the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq. ("LAD"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. 2000e, et seq. ("Title VII"), to remedy a hostile work environment in the workplace based upon race and/or sex, unlawful retaliation, and claims for intentional and negligent infliction of emotional distress.

1

2. Pursuant to Rule 4:3-2, venue lies in the County of Atlantic, the County in which both Plaintiff resides and where the causes of action arose.

## PARTIES

3. Plaintiff is an individual residing at 531B 10th Street in the Township of Newtonville, County of Atlantic, and State of New Jersey. Plaintiff is an African-American female.

4. At all times relevant to this action, Defendant, TRUMP TAJ MAHAL ASSOCIATES L.L.C., owned and operated Trump Taj Mahal Casino Resort, a hotel, casino, and convention center located at 1000 Boardwalk at Virginia Avenue, in the City of Atlantic City, County of Atlantic, and State of New Jersey.

5. At all times relevant to this action, Defendant, TRUMP TAJ MAHAL ASSOCIATES L.L.C., was an "employer" of Plaintiff as defined by N.J.S.A. 10:5-5(e) and 42 U.S.C.A. 2000e(b).

6. At all times relevant to this action, Plaintiff was an "employee" of Defendant, TRUMP TAJ MAHAL ASSOCIATES L.L.C., as defined by N.J.S.A. 10:5-5(f) and 42 U.S.C.A. 2000e(f).

7. At all times relevant to this action, Defendants, BOB CURTAIN, KENNY PARNELL and LOUIS BERKOWSKI, were employees of Defendant, TRUMP TAJ MAHAL ASSOCIATES L.L.C., at Trump Taj Mahal Casino Resort.

8. Defendant, BOB CURTAIN, was "shift manager" and supervisor of Plaintiff. Defendant, KENNY PARNELL, was a "lead" mechanic and supervisor of Plaintiff. Defendant, LOUIS BERKOWSKI, was a "shift leader" and also a

Blaney & Karavan, P.C.
2123 Dune Drive- Suite 11 Avalon, New Jersey 08204

supervisor of Plaintiff. Defendants, BOB CURTAIN, KENNY PARNELL and LOUIS BERKOWSKI, are Caucasian males.

9. At all times relevant to this action, Defendant, TEI MANAGEMENT SERVICES, L.L.C., operated and/or managed Trump Taj Mahal Casino Resort. In doing so, Defendant, TEI MANAGEMENT SERVICES, L.L.C., had oversight, managerial, and/or supervisory authority over Plaintiff, Defendants, KENNY PARNELL and LOUIS BERKOWSKI, and other supervisors and coworkers of Plaintiff.

10. Defendant, TEI MANAGEMENT SERVICES, L.L.C., was also an agent, servant, or employee of Defendant, TRUMP TAJ MAHAL ASSOCIATES, L.L.C.

11. Defendants, JOHN DOE 1 – 10, are fictitious names representing presently unknown individuals and directors, managers, supervisors, employees and/or other representatives of Defendants, TRUMP TAJ MAHAL ASSOCIATES L.L.C., TEI MANAGEMENT SERVICES, L.L.C., and/or XYZ BUSINESS ENTITY 1 – 10 who have engaged in tortious, discriminatory, illegal, and/or improper conduct towards Plaintiff.

12. Defendants, XYZ BUSINESS ENTITY 1 – 10 are fictitious names representing presently unknown business entities who have engaged in discriminatory, illegal, and/or improper conduct towards Plaintiff.

## BACKGROUND

13. At all times relevant to this action, Plaintiff was/is an employee of Defendant, TRUMP TAJ MAHAL ASSOCIATES L.L.C. Plaintiff held/holds the position of maintenance mechanic for Defendant, TRUMP TAJ MAHAL ASSOCIATES L.L.C., in the "Facilities" department at Trump Taj Mahal Casino Resort.

3

14. As maintenance mechanic, Plaintiff was/is required to repair electronics, relocate furniture throughout the casino resort property, perform maintenance and repair work to hotel rooms and bathrooms, and other duties.

15. At all times relevant to this action, Plaintiff was the only African-American maintenance mechanic at the casino resort. Plaintiff was also the only female maintenance mechanic at the casino resort.

16. On multiple occasions in or about the winter of 2015 -2016, Defendant, BOB CURTAIN followed Plaintiff in the performance of her duties in an attempt to find reasons to discipline Plaintiff. Defendant, BOB CURTAIN, only issued deicipline to African-American employees of the casino resort's "Facilities" department.

17. In or about the same time, Defendant, BOB CURTAIN, issued written disciplie to Plaintiff for an alledged smoking infraction. Defendant, BOB CURTAIN, issued said discipline to harass and/or intimidate Plaintiff based upon her race and/or sex.

18. Plaintiff complained to Human Resources with regard to Defendant, BOB CURTAIN'S conduct and his targeting of African-American employees for discipline. Plaintiff also complained to the Division on Civil Rights.

19. Defendant, BOB CURTAIN, was questioned by Human Resources in connection with Plaintiff's complaint. Among other things, Defendant, BOB CURTAIN, was specifically asked if he was a "racist."

4

20. Thereafter, Defendant, BOB CURTAIN, revealed and denounced Plaintiff's complaints to her coworkers and supervisors, and specifically revealed Human Resources inquired whether he was a "racist".

21. In connection with her duties, Plaintiff was assigned a locker in which to store her work tools and equipment, clothing, and personal belongings. Plaintiff's locker was located in the mechanic shop on the casino resort property and accessible to Plaintiff's coworkers. Plaintiff kept the door to her locker secured with a lock.

22. In or about February 2016, subsequent to Plaintiff's complaints to Human Resources and the Division on Civil Rights, Plaintiff discovered the lock was glued shut, preventing Plaintiff from accessing the tools and her belongings inside the locker, and making it difficult for Plaintiff to perform her job duties. Upon information and belief, the lock was glued by an employee of Defendant, TRUMP TAJ MAHAL ASSOCIATES, L.L.C., to harass and/or intimidate Plaintiff based upon her race and/or sex.

23. Plaintiff reported the glued lock to Defendant, KENNY PARNELL. Defendant, KENNY PARNELL, advised Plaintiff not to pursue the matter further and stated to Plaintiff "what happens in the shop stays in the shop." Defendant, KENNY PARNELL, provided Plaintiff with a new lock but otherwise ignored Plaintiff's complaint and failed and/or refused to investigate the matter.

24. Defendant, KENNY PARNELL'S failure to act was discriminatory based upon Plaintiff's race and/or sex.

25. On at least two occasions in 2016, Plaintiff arrived at work to discover a supply cart filled with trash blocking her locker. Upon information and belief, the trash-

5

filled cart was placed there by an employee of Defendant, TRUMP TAJ MAHAL ASSOCIATES, L.L.C., to harass and/or intimidate Plaintiff based upon her race and/or sex.

26. Plaintiff's coworker, Donald Wesley, Jr., (known as "Wes") remarked to Plaintiff to "take out the trash". Wes is a Causasian male.

27. Plaintiff reported the cart and Wes' remarks to Defendant, KENNY PARNELL, whom again failed and/or refused to investigate or remedy Plaintiff's complaints.

28. Defendant, KENNY PARNELL'S failure to act was discriminatory based upon Plaintiff's race and/or sex.

29. In or about February 2016, Plaintiff discovered a rope noose hanging at her locker. The noose was hung by an employee of Defendant, TRUMP TAJ MAHAL ASSOCIATES L.L.C., to harass and/or intimidate Plaintiff based upon her race.

30. Plaintiff reported the noose to Defendant, KENNY PARNELL, and other supervisors. In response to Plaintiff's complaint about the noose, Defendant, KENNY PARNELL, laughed and joked. Defendant, KENNY PARNELL, stated to Plaintiff "Are you sure you didn't put that up there?"

31. On multiple occasions during Plaintiff's employment, Defendant, TRUMP TAJ MAHAL ASSOCIATES L.L.C., provided maintenance mechanics other than Plaintiff the opportunity to work additional hours and receive overtime pay. Said maintenance mechanics were males whom were not African American and whom held less seniority than Plaintiff.

Blaney & Karavan, P.C.
2123 Dune Drive- Suite 11 Avalon, New Jersey 08204

32. Plaintiff was not provided the opportunity to work additional hours and receive overtime pay because of her race and/or sex.

33. The decision of which employees were to work additional hours and receive overtime pay was made by Defendants, KENNY PARNELL and LOUIS BERKOWSKI, and/or other supervisors. Pursuant to policy, the assignment of additional hours was to be based upon seniority. However, Defendants, KENNY PARNELL and LOUIS BERKOWSKI, and/or other supervisors, ignored this policy and made discriminatory decisions about overtime pay based upon race and/or sex, including offering overtime to mechanics other than Plaintiff.

34. In or about March 2016, Plaintiff inquired of Defendant, LOUIS BERKOWSKI, why mechanics with less seniority were working additional hours and receiving overtime pay. Defendant, LOUIS BERKOWSKI, answered Plaintiff "white people get overtime before blacks."

35. At all times relevant to this action, John P. (last name unknown) was an employee of Defendant, TRUMP TAJ MAHAL ASSOCIATES L.L.C. John P. held the position(s) of kitchen mechanic/boiler operator in the "Facilities" department at Trump Taj Mahal Casino Resort. John P. was/is a coworker of Plaintiff and is a male whom is not African-American.

36. In an effort to harass and/or intimidate Plaintiff because of her race and/or sex, John P. frequently "stepped" on Plaintiff's radio transmissions, making it difficult or impossible for Plaintiff to communicate with other mechanics and her supervisors over the radio during her shifts.

37. In or about March 2015, Plaintiff requested John P. discontinue this conduct. In response to Plaintiff's request, John P. called Plaintiff a "black bitch".
38. The aforementioned harassing and discriminatory conduct caused Plaintiff emotional and/or physical harm. In this regard, Plaintiff was ordered by a physician not to return to work from March 15 through May 1, 2016.
39. In or about March 2016, and during Plaintiff's medical leave, the U.S. Postal Service delivered a package to Plaintiff's residence. Said package contained a noose similar to the noose Plaintiff discovered at her locker at Trump Taj Mahal Casino Resort.
40. The return address on the package specifically indicted the package was mailed from the casino resort. Upon information and belief, the package was sent by an employee of Defendant, TRUMP TAJ MAHAL ASSOCIATES, L.L.C. to harass and/or intimidate Plaintiff based upon her race.
41. On or about May 15, 2016, Plaintiff returned to work at Trump Taj Mahal Casino Resort. Upon her return, Plaintiff discovered an envelope in her locker addressed to her. Said envelope indicated "the KKK is well and alive in South Jersey" and contained an illustration of three nooses. Said illustration is attached hereto as Exhibit A, and incorporated herein by reference.
42. Said envelope and its contents were placed in Plaintiff's locker by an employee of Defendant, TRUMP TAJ MAHAL ASSOCIATOONS, L.L.C., to harass and/or intimidate Plaintiff based upon her race.
43. In light of her discovery of the envelope, Plaintiff became concerned for her safety. Plaintiff was also aware of incidents of racial violence at the casino resort,

8

including the shooting of an Asian employee and the murder of an African-American patron.

44. Plaintiff immediately complained to her supervisors, security, and employee relations about the contents of the envelope and also reported her safety concerns. Defendant, TRUMP TAJ MAHAL ASSOCIATES, L.L.C., did nothing to convince Plaintiff that she was safe at the casino resort. Plaintiff was excused from work and encouraged to leave the property.

45. On or about August 10, 2016, Plaintiff was again ordered by a physician not to return to work based upon harm caused by the aforementioned harassing and discriminatory conduct.

46. On multiple occasions, Plaintiff complained to Defendants, TRUMP TAJ MAHAL ASSOCIATES, L.L.C., and/or TEI ASSOCIATES, L.L.C., of harassment. However, Defendants, TRUMP TAJ MAHAL ASSOCIATES, L.L.C., and/or TEI ASSOCIATES, L.L.C., failed and/or refused to take effective action to stop the same.

## COUNT ONE
### (LAD HOSTILE WORK ENVIRONMENT/RACE AND SEX DISCRIMINATION)

47. Plaintiff repeats the allegations set forth in Paragraphs 1 through 46 and incorporates the same herein as if repeated at length.

48. The aforementioned conduct of Defendant, TRUMP TAJ MAHAL ASSOCIATES, L.L.C., would not have occurred but for Plaintiff's race and sex.

49. The aforementioned conduct of Defendant, TRUMP TAJ MAHAL ASSOCIATES, L.L.C., was severe and/or pervasive enough to make a reasonable

9

African-American and/or a reasonable woman believe that the conditions of employment were altered and that the working environment was hostile or abusive.

50. The aforementioned conduct of Defendant, TRUMP TAJ MAHAL ASSOCIATES, L.L.C., constitutes unlawful discrimination based upon race and/or sex under the LAD.

51. As a result of Defendant, TRUMP TAJ MAHAL ASSOCIATES, L.L.C.'S wrongful conduct, Plaintiff has suffered loss of income and other pecuniary harm; diminished career opportunity; loss of self-esteem; disruption of her family life; emotional trauma; and other harm, pain and suffering.

52. Pursuant to N.J.S.A. 10:5-27.1, Plaintiff is entitled to attorney fees.

53. Defendant, TRUMP TAJ MAHAL ASSOCIATES, L.L.C., acted with actual malice, thereby entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff, MARY JERALDS, demands judgment against Defendant, TRUMP TAJ MAHAL ASSOCIATES, L.L.C., for compensatory damages, punitive damages, attorney fees, interest, costs of suit, and all other relief as the Court deems equitable and just.

## COUNT TWO
## (LAD AIDER AND ABETTOR LIABILITY)

54. Plaintiff repeats the allegations set forth in Paragraphs 1 through 53 and incorporates the same herein as if repeated at length.

55. Defendants, TEI MANAGEMENT SERVICES, L.L.C., BOB CURTAIN, KENNY PARNELL, and LOUIS BERKOWSKI, knowingly and substantially

Blaney & Karavan, P.C.
2123 Dune Drive- Suite 11 Avalon, New Jersey 08204

assisted Defendant, TRUMP TAJ MAHAL ASSOCIATES, L.L.C., in the unlawful discrimination described above.

56. Defendants, TEI MANAGEMENT SERVICES, L.L.C., BOB CURTAIN, KENNY PARNELL, and LOUIS BERKOWSKI, were aware of their respective roles as part of an overall illegal and/or tortious activity.

57. Pursuant to the LAD, Defendants, TEI MANAGEMENT SERVICES, L.L.C., BOB CURTAIN, KENNY PARNELL, and LOUIS BERKOWSKI, are liable to Plaintiff as "aiders and abettors" of unlawful discrimination.

58. Pursuant to N.J.S.A. 10:5-27.1, Plaintiff is entitled to attorney fees.

59. Defendants, TEI MANAGEMENT SERVICES, L.L.C., BOB CURTAIN, KENNY PARNELL, and LOUIS BERKOWSKI, acted with actual malice, thereby entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff, MARY JERALDS, demands judgment against Defendants, TEI MANAGEMENT SERVICES, L.L.C., BOB CURTAIN, KENNY PARNELL, and LOUIS BERKOWSKI, for compensatory damages, punitive damages, attorney fees, interest, costs of suit, and all other relief as the Court deems equitable and just.

## COUNT THREE
## (LAD DISCRIMINATORY RETALIATION)

60. Plaintiff repeats the allegations set forth in Paragraphs 1 through 59 and incorporates the same herein as if repeated at length.

61. Plaintiff's complaints of the unlawful discrimination described above were reasonable and made in good faith.

11

62. By opposing and reporting the unlawful discrimination, Plaintiff engaged in protected activities under the LAD.

63. At all relevant times, Defendant, TRUMP TAJ MAHAL ASSOCIATES, L.L.C., was aware Plaintiff engaged in protected activities.

64. Defendant, TRUMP TAJ MAHAL ASSOCIATES, L.L.C., unlawfully retaliated against Plaintiff by continuing to engage in harassing and discriminatory conduct against Plaintiff, and by failing and/or refusing to remedy the same.

65. Plaintiff's participation in the protected activities caused said retaliation.

66. As a result of the Defendant, TRUMP TAJ MAHAL ASSOCIATES, L.L.C.'S wrongful conduct, Plaintiff has suffered loss of income and other pecuniary harm; diminished career opportunity; loss of self-esteem; disruption of her family life; emotional trauma; and other harm, pain and suffering.

67. Pursuant to N.J.S.A. 10:5-27.1, Plaintiff is entitled to attorney fees.

68. Defendant, TRUMP TAJ MAHAL ASSOCIATES, L.L.C., acted with actual malice, thereby entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff, MARY JERALDS, demands judgment against Defendant, TRUMP TAJ MAHAL ASSOCIATES, L.L.C., for compensatory damages, punitive damages, attorney fees, interest, costs of suit, and all other relief as the Court deems equitable and just.

## COUNT FOUR
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

69. Plaintiff repeats the allegations set forth in Paragraphs 1 through 68 and incorporates the same herein as if repeated at length.

Blaney & Karavan, P.C.
2123 Dune Drive- Suite 11 Avalon, New Jersey 08204

70. The aforementioned conduct of Defendants, TRUMP TAJ MAHAL ASSOCIATES, L.L.C., TEI MANAGEMENT SERVICES, L.L.C., BOB CURTAIN, KENNY PARNELL, and LOUIS BERKOWSKI, was intentional and/or reckless.

71. The intentional and/or reckless conduct of Defendants, TRUMP TAJ MAHAL ASSOCIATES, L.L.C., TEI MANAGEMENT SERVICES, L.L.C., BOB CURTAIN, KENNY PARNELL, and LOUIS BERKOWSKI, were so extreme and outrageous as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

72. The intentional and/or reckless conduct of Defendants, TRUMP TAJ MAHAL ASSOCIATES, L.L.C., TEI MANAGEMENT SERVICES, L.L.C., BOB CURTAIN, KENNY PARNELL, and LOUIS BERKOWSKI, were/is the proximate cause of emotional distress to Plaintiff.

73. The emotional distress suffered by Plaintiff was/is so severe that no reasonable person could be expected to endure it.

74. As a proximate result of the conduct of Defendants, TRUMP TAJ MAHAL ASSOCIATES, L.L.C., TEI MANAGEMENT SERVICES, L.L.C., BOB CURTAIN, KENNY PARNELL, and LOUIS BERKOWSKI, Plaintiff also suffered loss of income and other pecuniary harm; diminished career opportunity; loss of self-esteem; disruption of her family life; emotional trauma; and other harm, pain and suffering.

75. Defendants, TRUMP TAJ MAHAL ASSOCIATES, L.L.C., TEI MANAGEMENT SERVICES, L.L.C., BOB CURTAIN, KENNY PARNELL,

and LOUIS BERKOWSKI, acted with actual malice, thereby entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff, MARY JERALDS, demands judgment against Defendants, TRUMP TAJ MAHAL ASSOCIATES, L.L.C., TEI MANAGEMENT SERVICES, L.L.C., BOB CURTAIN, KENNY PARNELL, and LOUIS BERKOWSKI, for compensatory damages, punitive damages, attorney fees, interest, costs of suit, and all other relief as the Court deems equitable and just.

## COUNT FIVE
## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

76. Plaintiff repeats the allegations set forth in Paragraphs 1 through 75 and incorporates the same herein as if repeated at length.

77. At all relevant times, Defendants, TRUMP TAJ MAHAL ASSOCIATES, L.L.C., TEI MANAGEMENT SERVICES, L.L.C., BOB CURTAIN, KENNY PARNELL, and LOUIS BERKOWSKI, owed a duty of care to Plaintiff.

78. It was reasonably foreseeable that the conduct of Defendants, TRUMP TAJ MAHAL ASSOCIATES, L.L.C., TEI MANAGEMENT SERVICES, L.L.C., BOB CURTAIN, KENNY PARNELL, and LOUIS BERKOWSKI, would cause genuine and substantial emotional distress or mental harm to average persons, and to Plaintiff.

79. The conduct of Defendants, TRUMP TAJ MAHAL ASSOCIATES, L.L.C., TEI MANAGEMENT SERVICES, L.L.C., BOB CURTAIN, KENNY PARNELL, and LOUIS BERKOWSKI, breached their duty of care to Plaintiff and proximately caused emotional distress to Plaintiff.